IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Davison, #229640, ) | C/A No: 1:09-2985-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of Lee Correctional Institute, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Michael E. Davison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #18]. Petitioner filed a response in opposition to Respondent's motion. [Entry #29]. In that response, he also "moves for summary judgment in his favor," and seeks an extension of time to present documentary evidence. [Entry #30]. Having carefully considered the parties' submissions and the record in this case, the court recommends that Respondent's motion for summary judgment [Entry #17] be granted and Respondent's Motion for Summary Judgment and Request for Extension of Time [Entry #30] be denied.

I. Procedural Background

In September 2005, Petitioner was indicted in Berkeley County for Armed Robbery and Grand Larceny (2005-GS-08-1541 and 2005-GS-08-1542). On November 11, 2005, the Petitioner pleaded guilty but mentally ill to Strong Arm Robbery and Grand Larceny, and received ten year sentences for each charge. In addition, Petitioner was found to be in violation of his probation relating to 2001 charges from Dorchester County for Grand Larceny and Burglary 2nd Degree, to which he had pleaded guilty in 2001. Petitioner was ordered to serve the remainder of his sentences on each charge, which amounted to nine years and 364 days for the Burglary 2nd Degree charge, and four years, 364 days on the Grand Larceny Charge, all concurrent. Petitioner reported to the South Carolina Department of Corrections ("SCDC") on November 17, 2005, and he has a current projected release date of January 11, 2012.

Petitioner filed the present habeas petition in November 2009, challenging the judgment from five separate SCDC disciplinary hearings that took place at Lee Correctional Institution. These disciplinary hearings all arose out of charges of Refusing or Failing to Obey Orders:

> Charge One: On September 28, 2007, Petitioner refused to go to the yard as directed, and after a hearing before the Disciplinary Hearing Officer (DHO) on November 6, 2007, Petitioner was convicted of the underlying charge and was sanctioned with loss of privileges and the loss of sixty days good time credits.
>
> Charge Two: On October 18, 2007, Petitioner refused to go to the yard as directed, and after a hearing before the DHO on October 30,

|  |  |
|---|---|
|  | 2007, Petitioner pled guilty to the underlying charge and was sanctioned with loss of privileges and the loss of sixty days good time credits. |
| Charge Three: | On December 14, 2007, Petitioner refused a directive to pack his property so that he could be released to the yard, and after a hearing before the DHO on January 11, 2008, Petitioner was convicted of the underlying charge and was sanctioned with loss of privileges and the loss of sixty days good time credits. |
| Charge Four: | On December 10, 2008, Petitioner refused to go to the yard as directed, and after a hearing before the DHO on December 23, 2008, Petitioner was convicted of the underlying charge and was sanctioned with loss of privileges and the loss of thirty days good time credits. Plaintiff filed a grievance with regard to this conviction on December 23, 2008, and the conviction was overturned due to a procedural error (which Respondent believes was that the tape from the initial disciplinary hearing was not audible). A rehearing was held on January 30, 2009, at which Petitioner was again convicted of the underlying charge, and was again sanctioned with the loss of privileges and the loss of thirty days of good time credit. |
| Charge Five: | On February 2, 2009, Petitioner refused a directive to pack his property so that he could be released to the yard, and after a hearing before the DHO on March 3, 2009, Petitioner was convicted of the underlying charge and was sanctioned with loss of privileges and the loss of sixty days good time credits. |

Petitioner claims that he has "filed a multitude of S.C.D.C. Inmate Grievances complaining of the disciplinary action taken against him—prior, during, and subsequent to the formal hearings and convictions." Attachment to Petition 1 [Entry #1-1]. Petitioner lists sixteen grievances he alleges he filed with regard to his disciplinary hearing convictions, all of which he claims were denied.

A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.      Habeas Corpus Standard of Review

        1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (I) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of

a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

      b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[2] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing

---

[1] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[2] If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533

(*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

        3.        Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the

novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    C.    Discussion

Petitioner claims that the disciplinary actions were arbitrary and capricious and violated his due process rights. Petitioner claims that he has a constitutional and statutory right to safe housing and adequate treatment in light of his mental illness and claims that he could not function in Lee's Chesterfield unit because of his mental illness and that mental health professionals concurred with such argument and advocated Petitioner's placement into a medical/mental health unit. Petitioner further contends that the mental health professionals concurred that Petitioner had valid reasons for his refusal to report to Chesterfield. Petitioner further contends that the same officials responsible for instituting and executing the disciplinary charges against him have determined he should and would be placed in a medical/mental health unit. Petitioner finally claims that the disciplinary convictions represent an abuse of discretion and fundamental unfairness which arbitrarily and capriciously extended Petitioner's current sentence by 380 days. Petitioner asks the court to reverse the disciplinary convictions, reinstate all his lost good-time credits, and credit all withheld good-time credits.

Respondent asserts that he is entitled to summary judgment because Petitioner did not properly assert his claim in state court, and even if his claims are considered on the merits, he is not entitled to relief.

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Both avenues of habeas relief for state-court prisoners include exhaustion requirements. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1973); *see Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484, 490 (1973) (applying exhaustion requirement in 28 U.S.C. § 2241 habeas corpus proceeding). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Pickard v. Connor*, 404 U.S. 270, 276 (1976).

In *Al-Shabazz v. State*, 527 S.E.2d 742 (S.C. 2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The *Al-Shabazz* court provided a different path for inmates who wished to seek review

of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The supreme court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[3] *Id.* Judicial review of the ALJD decision is obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of a final judgment of the circuit court in the manner prescribed for civil cases. S.C. Code Ann. § 1-23-390 (1986)." *Id.* at 756. *See also Hendricks v. Cohen*, 3:08-44-DCN, 2009 WL 536566, 3 (D.S.C. March 2, 2009).

The court recognizes Petitioner's diligence in alleging scores of grievances. However, he has not exhausted the claims he presents here by properly presenting them to the South Carolina appellate courts. As noted above, *Al-Shabazz* established a process, separate from the PCR process, for an inmate to challenge the calculation of his sentence. While Petitioner has started down this path many times, he has failed to follow through. Respondent claims that Petitioner has failed to properly exhausted his administrative and state remedies, in accordance with *Al-Shabazz*, which requires Petitioner initiate a grievance, obtain a final decision, seek a review by the ALC, then seek judicial review by the South Carolina Court of Appeals before seeking federal habeas review.

Although Petitioner claims that he has exhausted his state remedies with regard to his disciplinary hearing convictions, the records reflect the following, indicating that he has

---

[3] The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C. Code Ann. §§ 1-23-500, *et seq.* It is now called the Administrative Law Court ("ALC").

failed to exhaust his state remedies:

>Charge One: Petitioner filed a Step 1 grievance, which was returned unprocessed as Petitioner had pled guilty to the underlying charge at the hearing, and pursuant to SCDC policy, the disposition of an SCDC disciplinary hearing which resulted from a guilty plea is non-grievable. Petitioner did not appeal the decision with regard to his Step 1 grievance.
>
>Charge Two: Petitioner filed both Step 1 and Step 2 grievances appealing the decision of the DHO. After both grievances were denied, Petitioner appealed to the ALJ on August 19, 2008, who affirmed the decision of the SCDC on February 4, 2009. Petitioner appealed to the South Carolina Court of Appeals. According to Respondent, this appeal was still pending as of the time of Respondent's brief.
>
>Charge Three: Petitioner filed a Step 1, which was denied, but Petitioner failed to return a Step 2 grievance timely.
>
>Charge Four: After his rehearing, Petitioner filed Step 1 and Step 2 grievances. After both grievances were denied, Petitioner appealed to the ALJ. According to Respondent, this appeal was still pending as of the time of Respondent's brief.
>
>Charge Five: Petitioner filed Step 1 and Step 2 grievances. After both grievances were denied, it does not appear that Petitioner ever appealed to the ALJ.

While Petitioner has other grievances that he claims are relevant to the present action, they do not appear to be appeals of his disciplinary hearing convictions. In his opposition, Petitioner appears to abandon his claim of due process violations relating to his grievances of the disciplinary hearing convictions, and instead attempts to assert a "substantive due process" claim contesting his placement in a particular institution due to his mental illness. *See* Petitioner's Opp'n 4 [Entry #19].

According to Respondent, Petitioner has filed more than 120 grievances with the SCDC since he was incarcerated in 2005. A state prisoner is generally barred from obtaining federal habeas relief unless he has properly presented his or her claims through one complete round of the State's established appellate review process. *Woodford v. Ngo*, 548 U.S. 81 (2006).

After reviewing the record, the undersigned concludes that Petitioner has failed to exhaust his claims through the grievance process. Petitioner fails to demonstrate that he has exhausted his claims in state courts, and therefore his claims are procedurally-barred from review absent a showing of cause or prejudice or a miscarriage of justice. As to the procedural default, Petitioner has not shown cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this court and should be dismissed. *Murray*, 477 U.S. at 495–96; *see* 28 U.S.C. 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Wainwright v. Sykes,* 433 U.S. 72 (1977); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a

constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

D. Petitioner's Cross-Motion for Summary Judgment and Request for Extension of Time [Entry #30]

As part of his response to Respondent's motion for summary judgment and return, Petitioner also included a "Cross-Motion for Summary Judgment" and a "Motion for Extension of Time to Introduce Documentary." [*See* Entry #30]. For the same reasons the grant of Respondent's Motion for Summary Judgment is recommended, the denial of Petitioner's Motion for Summary Judgment is likewise recommended. Because it is recommended that this matter be dismissed in full and because Petitioner's "Motion for Extension of Time to Introduce Documentary" does not clearly seem to relate to this matter, it is recommended that such relief be denied as moot.

III.     Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment [Entry #17] be granted and that Petitioner's Cross-Motion for Summary Judgment and Motion for Extension of Time [Entry #30] be denied.

IT IS SO RECOMMENDED.

*[signature]*

August 5, 2010                                  Shiva V. Hodges
Florence, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**